IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

HASSAN CRAWFORD,

    Plaintiff,

       v.

UNIQUE NATIONAL COLLECTIONS,
             et al.,

    Defendants.

CIVIL NO.: WDQ-11-3454

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Hassan Crawford, *pro se*, sued Unique National Collections, Unique Management Services, Inc., Shannon Daley (collectively "the Unique defendants"), James Connolly,[1] and Irwin Kramer (collectively "defendants") for debt collection violations. Pending are Connolly and Kramer's motion for sanctions, the Unique defendants' motion for judgment on the pleadings, and Kramer's and Connolly's motions for summary judgment. For the following reasons, Connolly's and Kramer's summary judgment and sanctions motions will be granted. The Unique defendants' motion for judgment on the pleadings will be granted in part.

---

[1] Connolly's name is misspelled in the complaint and on the docket as Conolly.

I.   Background[2]

On October 24, 2011, Crawford read his credit report and saw an item from Unique National Collections for $245; the original creditor was Baltimore County Public Library.[3]  ECF No. 11 ¶¶ 11-12.  On November 5, 2011, Crawford asked Unique National Collections for "a validation and verification of debt request."  *Id.* ¶ 13.  On November 8, 2012, he received "a verification and no validation" from Daley.[4]  *Id.*  On November 29, 2011, Crawford filed a complaint,[5] and in January and early February 2012, he received responses.  *Id.* ¶ 14.

On November 29, 2011, Crawford sued the Unique defendants seeking injunctive relief and damages for violations of the (1)

---

[2] For the motion for judgment on the pleadings, the well-pled allegations in the amended complaint are accepted as true.  *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011) (applying the standard for motions to dismiss for failure to state a claim); *accord Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).

In reviewing the motion for summary judgment, the nonmovant's evidence "is to be believed, and all justifiable inferences are to be drawn in [his] favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[3] The original complaint also alleged a debt owed to Anne Arundel County Public Library.  ECF No. 1 ¶ 11.

[4] Crawford alleges that he received the same from Donna Nowicki, whom he also sued.  *See* ECF No. 11 ¶ 13.  On August 13, 2012, Nowicki was dismissed upon stipulation of the parties.  ECF No. 33.

[5] Crawford has not disclosed its contents or alleged with whom the complaint was filed.

Fair Debt Collection Practices Act ("FDCPA"),[6] (2) Fair Credit
Reporting Act ("FCRA"),[7] (3) Maryland Consumer Debt Collection
Act ("MCDCA"),[8] (4) Maryland Consumer Protection Act ("MCPA"),[9]
and for (5) intentional infliction of emotional distress.  ECF
No. 1.  The same day, Crawford filed an application to proceed
*in forma pauperis*.  ECF No. 2.  On the form, Crawford crossed
out the statement that the application was under the penalty of
perjury.  *Id.*  Crawford also wrote "without recourse" above his
signature.  *Id.* at 2.

On April 27, 2012, Crawford filed an amended complaint,
which added Connolly and Kramer as defendants.  ECF No. 11.
Connolly is the Unique defendants' counsel for this case.  *See*
ECF No. 35-2 ¶ 6.  He practices law with his partner Kramer.
*See* ECF No. 30-2 ¶ 8.  Neither has ever been an employee of the
Unique defendants.  ECF Nos. 30-2 ¶ 2, 35-2 ¶ 2.  Neither has
attempted to collect on the debt at issue.  ECF Nos. 30-2 ¶ 3,
35 ¶ 3.  Neither possesses any information on Crawford's
creditworthiness, and they have not made any representations to
anyone about his creditworthiness.  ECF Nos. 30-2 ¶¶ 5-6, 35-2
¶¶ 3-4.  Before Connolly's appearance on behalf of the Unique

---

[6] 15 U.S.C. §§ 1692 *et seq.*

[7] 15 U.S.C. §§ 1681 *et seq.*

[8] Md. Code Ann., Com. Law §§ 14-201 *et seq.*

[9] Md. Code Ann., Com. Law §§ 13-101 *et seq.*

defendants, he had no communications with Crawford.  ECF No. 35-2 ¶ 6.  Kramer is not counsel for the Unique defendants.  ECF No. 3-2 ¶ 8.

In his correspondence with Connolly, Crawford had threatened to add Connolly and his firm as defendants if the Unique defendants did not settle; he noted that settlement would save Connolly, his firm, and his clients a lot of "unnecessary expense." *See* ECF No. 22-9.  After filing the amended complaint, Crawford directly contacted an employee of Unique National Collections to demand settlement, claiming that Connolly could no longer represent the Unique defendants because of a conflict of interest.  ECF No. 27-1.

On May 1, 2012, Connolly and Kramer served on Crawford a motion for sanctions.  ECF No. 22-11.  On May 24, 2012, the Unique defendants answered.  ECF No. 14.  On June 21, 2012, Kramer and Connolly answered.  ECF Nos. 20 and 21.  The same day, Connolly and Kramer filed the motion for sanctions on the grounds that their joinder as defendants was for an improper purpose and advances frivolous claims.  ECF No. 22.  On June 25, 2012, Crawford responded, ECF No. 24, and on June 29, 2012, Connolly and Kramer replied, ECF No. 27.

On June 27, 2012, the Unique defendants moved for judgment on the pleadings on the ground that Crawford's *in forma pauperis* application was improper.  ECF No. 25.  On July 27, 2012, Kramer

4

moved for summary judgment, asserting that he has "no involvement whatsoever" with the debt underlying the litigation. ECF No. 30.  On September 28, 2012, Connolly moved for summary judgment on the ground that his role in the matter is limited to serving as the Unique defendants' litigation counsel.  ECF No. 35.  Crawford has not responded to the dispositive motions.  He also has failed to comply with his discovery obligations.[10]  *See* ECF No. 41.

II.  Analysis

    A.  Legal Standards

        1.  Summary Judgment

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).[11]  In considering the motion, the judge's function is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A dispute about a material fact is genuine "if the

---

[10] This case has been referred to the United States Magistrate Judge Beth P. Gesner for discovery matters.  ECF No. 39.
[11] Rule 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment."  Fed. R. Civ. P. 56 advisory committee's note.

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant and draw all reasonable inferences in [his] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

2.   Judgment on the Pleadings

Under Fed. R. Civ. P. 12(c), a motion for judgment on the pleadings may be filed after the defendant has answered the complaint.   A 12(c) motion for judgment on the pleadings is reviewed under the Rule 12(b)(6) motion to dismiss standard. *Walker v. Kelly,* 589 F.3d 127, 139 (4th Cir. 2009).   Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks omitted).

B.    Connolly's Summary Judgment Motion

Connolly asserts that he is entitled to summary judgment because "he had no involvement whatsoever with any efforts to collect the debt at issue in this action." ECF No. 35-1 at 3. Crawford has not responded.

1.    FDCPA

Crawford alleges violations of 15 U.S.C. § 1692e(2)(A) and (10) by Connolly. Section 1692(e)(2)(A) prohibits false representations of "the character, amount or legal status of any debt," and (10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(2)(A), (10).

Connolly swore that he has never been an employee of the Unique defendants. ECF No. 35-2 ¶ 2. He has not attempted to collect the debt or furnished any information about an account or debt of Crawford to a consumer reporting agency. *Id.* ¶ 4. Similarly, he had no contact with Crawford before entering his appearance on behalf of the Unique defendants. *Id.* ¶ 6.

The undisputed facts show that Connolly employed no representations or deceptive means in connection with Crawford's debt. *Cf.* 15 U.S.C. ¶ 1692e(2)(A), (10). He is entitled to judgment as a matter of law.

7

2.   FCRA

Crawford alleges that Connolly violated the FCRA by failing
to investigate Crawford's dispute and report it to the consumer
reporting agencies.   ECF No. 11 ¶¶ 22-28; *see* 15 U.S.C. §§
1681i(a)(2), 1681s-2(a)-(b).   Connolly does not possess any
credit information about Crawford and has made no
representations about his creditworthiness to anyone.   ECF No.
35-2 ¶ 4.   Accordingly, he has not violated the FCRA.   *See* 15
U.S.C. §§ 1681i(a)(2), 1681s-2(a)-(b).   He is entitled to
judgment as a matter of law.

3.   MCDCPA

Connolly is alleged to have violated the MCDCPA Md., which
prohibits various actions by debt collectors.   ECF No. 11 ¶¶ 29-
35; *see* Code Ann., Com. Law § 14-202.   Connolly took no action
concerning any Crawford debt other than serving as counsel in
this case.   *See* ECF No. 35-2.   He has not violated the MCDCPA.
*Cf*. Md. Code Ann., Com. Law § 14-202.   Connolly is entitled to a
judgment as a matter of law.

4.   MCPA

Crawford alleges that Connolly committed unfair or
deceptive trade practices under the MCPA.   ECF No. 11 ¶¶ 36-38.
However, the complaint alleges no statements or representations
made by Connolly about this claim, and Connolly swore that he
made none.   *See* ECF No. 35-2 ¶¶ 2-7; *cf*. ECF No. 11 ¶¶ 11-14,

8

37-38. Because Connolly took no action that violated the MCPA,
he is entitled to judgment as a matter of law.

     5.   Intentional Infliction of Emotional Distress

The complaint alleges that the defendants "intended to and
did inflict severe emotional distress" on Crawford through their
undescribed actions to collect the debt.  No conduct by Connolly
was alleged, nor did Connolly do anything regarding Crawford or
his debt before this suit.  *See* ECF No. 35-2 ¶¶ 2-7; *cf.* ECF No.
11 ¶¶ 11-14, 40-41.  Accordingly, Connolly is entitled to
judgment as a matter of law.[12]  Connolly's motion will be
granted.

    C.   Kramer's Summary Judgment Motion

Kramer asserts that he is entitled to summary judgment
because he took no action relating to the events alleged by
Crawford.  ECF No. 30-1 at 1.  Crawford has not opposed the
motion.

Crawford's allegations about Kramer are the same as those
against Connolly.  *See* ECF No. 111.  Kramer is situated
similarly to Connolly, except he does not represent the Unique
defendants in this case and has never communicated with Crawford
about the debt.  *See* ECF No. 30-2 ¶¶ 4, 8.  Accordingly, summary
judgment will be granted to Kramer.

---

[12] *See Takacs v. Fiore*, 473 F. Supp. 2d 647, 651-52 (D. Md. 2007)
(describing elements of claim as requiring intentional or
reckless conduct).

9

D.   Connolly and Kramer's Sanctions Motion

Connolly and Kramer seek sanctions under Fed. R. Civ. P. 11 against Crawford for joining them as defendants in this suit for frivolous and improper purposes. ECF No. 22. Crawford opposes the motion, arguing that lawyers are subject to the FDCPA. *See* ECF No. 24.

Under Fed. R. Civ. P. 11(b), an attorney or unrepresented party certifies to the court that to the best of his "knowledge, information, and belief" formed after a reasonable inquiry: (1) the action is not being presented for an improper purpose, (2) the legal contentions are warranted, (3) the facts alleged have or will have evidentiary support, and (4) denials of facts are based on evidence or lack of knowledge. *See* Fed. R. Civ. P. 11(b). "[I]mproper purpose may be inferred from a claim's lack of factual or legal foundation or other factors such as the timing of filing of the complaint." *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 313 (E.D. Va. 2004) (*citing In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990)). Rule 11(c) allows attorneys and parties to be sanctioned for subsection (b) violations.[13]

---

[13]   Rule 11's "safe harbor" provision requires a party seeking sanctions to serve the Rule 11 motion at least 21 days before filing it; this provides an opportunity for withdrawal or correction of the challenged pleading. Fed. R. Civ. P. 11(c)(2). The safe harbor defense is waived if not properly asserted. *Bond v. Blum*, 317 F.3d 385, 400 (4th Cir. 2003).

A sanction "must be limited to what suffices to deter repetition of the conduct." Fed. R. Civ. P. 11(c)(4). It may include "nonmonetary directives; an order to pay a penalty into court; or . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

Crawford is correct that lawyers are within the scope of the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). It does not follow, however, that Connolly and Kramer have no basis for the sanctions motions. The amended complaint simply added Connolly and Kramer as defendants; the documents are, with minor exceptions,[14] identical. *Compare* ECF No. 1, *with* 11. The complaint does not allege wrongful--or other--actions by Connolly and Kramer, and the undisputed facts show that they did not engage in any collection activities or make any representations. *See supra* Parts II.B-C.

Crawford's conduct makes clear that he intended to create a conflict so that Connolly could not continue to represent Unique

---

Connolly and Kramer have certified that they served the motion on Crawford on May 1, 2012, more than 21 days before filing it with the Court. *See* ECF No. 22-11.

[14] The amended complaint omits references to Anne Arundel County Public Library as a creditor and alleges later relevant dates. *Compare* ECF No. 1 ¶¶ 9, 11, *with* ECF No. 11 ¶¶ 9, 11. The amended complaint also requests additional damages. *Compare* ECF No. 1 ¶ 41, *with* ECF No. 11 ¶ 41.

if the parties did not settle. *See* ECF Nos. 22-9, 27-1.   The
Court notes that Crawford has filed several suits against debt
collectors in this District, which, with the exception of the
instant case, have quickly settled.[15]   Crawford also has not
responded to any motion in this case, other than the motion for
sanctions, and has not fulfilled his discovery obligations. *See*
ECF No. 41. *See generally* Docket.

Crawford's joinder of Connolly and Kramer was clearly an
attempt to coerce a settlement in this case.   Accordingly, the
Court finds that the amended complaint was filed for an improper
purpose, warranting sanctions.[16]   To prevent future abuses of
this kind, Crawford will be ordered to pay to Connolly and
Kramer their fees and expenses for defending the suit and

---

[15] *Crawford v. AFNI, Inc.*, Civ. No. ELH-11-3455; *Crawford v.
Enhanced Recovery Co.*, Civ. No. ELH-11-3493; *Crawford v.
Portfolio Recovery Ass'n*, Civ. No. BEL-12-0552; *Crawford v.
Midland Credit Mgmt. Inc., et al.*, Civ. No. RDB-12-0553;
*Crawford v. Proctor, et al.*, Civ. No. CCB-12-0554.   Further
indicating Crawford's tendency for vexatious litigation, in one
of his applications to proceed *in forma pauperis* he stated "I
expect my assets to change in the next 12 months because of
several outstanding lawsuits that I currently have filed and
future lawsuits to be filed." *Enhanced Recovery*, ECF No. 2 at
6.   He also claimed to be "exempt from liabilities" without
explanation. *Id.*

[16] *See* Fed. R. Civ. P. 11(b)(1); *Reed v. Lincare, Inc.*, No. 11-C-
221, 2012 WL 5906864, at *12-13 (E.D. Wis. Nov. 21, 2012)
(imposing sanctions when plaintiff filed dozens of employment
claims and "when employers . . . rejected [his] settlement
demands, his litigation strategy [became] punitive").

bringing their motion for sanctions.  The motion for sanctions will be granted.

>    E.    The Unique Defendants' Motion for Judgment on the
>          Pleadings

The Unique defendants seek dismissal of the amended complaint because Crawford's motion to proceed *in forma pauperis* was not under penalty of perjury.  ECF No. 25-1.

Section 1915 of 28 U.S.C. permits the Court to authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit including a statement of assets. 28 U.S.C. § 1915.  Section 1746 permits a statement that a document is under penalty of perjury to substitute for an oath in most circumstances.  *See* 28 U.S.C. § 1746.

In his *in forma pauperis* application, Crawford crossed out "under penalty of perjury" where that phrase appeared on the form.  ECF No. 2 at 1-2.  He further signed the application with a notation of "without recourse."  *Id.* at 2.

The application was not signed under penalty of perjury, and Crawford has not shown that he is eligible to proceed *in forma pauperis*.  The Court will vacate its December 22, 2011 Order, ECF No. 3, that permitted Crawford to proceed *in forma pauperis*.  Crawford will have 30 days from the date of the accompanying Order to file an affidavit complying with § 1915 or

prepay costs.   The Unique defendants' motion will be granted in part.

III. Conclusion

For the reasons stated above, Connolly's and Kramer's motions for summary judgment and for sanctions will be granted. The Unique defendants' motion for judgment on the pleadings will be granted in part.

_____
Date

_____
William D. Quarles, Jr.
United States District Judge