IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

HASSAN CRAWFORD,                        *

    Plaintiff,                          *

       v.                               *       CIVIL NO.: WDQ-11-3454

UNIQUE NATIONAL COLLECTIONS,            *
               *et al.,*      *

    Defendants.                         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Hassan Crawford, *pro se*, sued Unique National Collections, Unique Management Services, Inc., Shannon Daley (collectively "the Unique defendants"), James Connolly,[1] and Irwin Kramer (collectively "defendants") for debt collection violations. Pending are Connolly and Kramer's motion for attorneys' fees, and the Unique defendants' motion to dismiss or for sanctions. For the following reasons, the motions will be granted.

I.  Background[2]

On October 24, 2011, Crawford read his credit report and saw an item from Unique National Collections for $245; the

---

[1] Connolly's name is misspelled in the complaint and on the docket as Conolly.

[2] The facts are drawn from the amended complaint.

original creditor was Baltimore County Public Library.[3]  ECF No.
11 ¶¶ 11-12.  On November 5, 2011, Crawford asked Unique
National Collections for "a validation and verification of debt
request."  *Id.* ¶ 13.  On November 8, 2011, he received "a
verification and no validation" from Daley.[4]  *Id.*  On November
29, 2011, Crawford filed a complaint,[5] and in January and early
February 2012, he received responses.  *Id.* ¶ 14.

On November 29, 2011, Crawford sued the Unique defendants
for injunctive relief and damages for various debt collection
violations.  ECF No. 1.  The same day, Crawford filed an
application to proceed *in forma pauperis*.  ECF No. 2.  On the
form, Crawford crossed out the statement that the application
was under the penalty of perjury.  *Id.*  Crawford also wrote
"without recourse" above his signature.  *Id.* at 2.  On December
22, 2011, Crawford's motion to proceed *in forma pauperis* was
granted.  ECF No. 3.

On April 27, 2012, Crawford filed an amended complaint,
which added Connolly and Kramer as defendants.  ECF No. 11.

---

[3] The original complaint also alleged a debt owed to Anne Arundel
County Public Library.  ECF No. 1 ¶ 11.

[4] Crawford alleges that he received the same from Donna Nowicki,
whom he also sued.  *See* ECF No. 11 ¶ 13.  On August 13, 2012,
Nowicki was dismissed upon stipulation of the parties.  ECF No.
33.

[5] Crawford has not disclosed its contents or alleged with whom
the complaint was filed.

Connolly is the Unique defendants' counsel for this case. *See* ECF No. 35-2 ¶ 6.   He practices law with his partner Kramer, who is not counsel for the Unique defendants. *See* ECF No. 30-2 ¶ 8. On June 21, 2012, Kramer and Connolly moved for sanctions, asserting that they were improperly joined as defendants.   ECF No. 22.   On June 27, 2012, the Unique defendants moved for judgment on the pleadings on the basis that Crawford's *in forma pauperis* application was improper.   ECF No. 25.   On July 27, 2012, Kramer moved for summary judgment.   ECF No. 30.   On September 28, 2012, Connolly moved for summary judgment. ECF No. 35.

On November 2, 2012, the Unique defendants moved to compel discovery, asserting that Crawford had failed to comply with his discovery obligations.   ECF No. 41.   On November 7, 2012, Magistrate Judge Beth P. Gesner granted the motion, ordering Crawford to serve his responses to interrogatories and requests for production of documents by November 21, 2012.   ECF No. 41. On December 5, 2012, the Unique defendants moved for sanctions because Crawford had failed to comply with Judge Gesner's order. ECF No. 42.

On December 19, 2012, the Court granted summary judgment for Connolly and Kramer, granted Connolly and Kramer's motion for sanctions, and vacated the order granting Crawford's *in forma pauperis* motion.   ECF No. 44.   The Court directed Crawford

to pay the filing fee or submit a proper application to proceed *in forma pauperis* within 30 days. *Id*.

On December 27, 2012, Connolly and Kramer moved for attorneys' fees. ECF No. 45. On January 11, 2013, Judge Gesner granted the Unique defendants' motion for sanctions, directing Crawford to respond to the discovery requests by January 25, 2013 or face sanctions which could include dismissal. ECF No. 46. On February 5, 2013, the Unique defendants moved to dismiss or for sanctions. ECF No. 47. Crawford has not paid the filing fee, submitted an application to proceed *in forma pauperis*, or responded to the pending motions.

II. Analysis

A.  Motion to Dismiss or for Sanctions

The Unique defendants assert that this case should be dismissed because Crawford has failed to pay the filing fee or file a proper application to proceed *in forma pauperis*. ECF No. 47. They also contend that the case should be dismissed because Crawford has failed to comply with Judge Gesner's orders. *Id*.

This case could reasonably be dismissed because of Crawford's failure to pay the filing fee or properly apply to proceed *in forma pauperis*. However, his vexatious behavior and continued refusal to comply with Court orders indicate that a dismissal with prejudice is appropriate.

4

Under Fed. R. Civ. P. 37(b) and (d), a party may be sanctioned for failure to comply with a discovery order or to serve responses to interrogatories.  Proper sanctions include dismissal.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3).  To impose sanctions under Rule 37(d), the Court must consider: (1) whether Crawford acted in bad faith; (2) the amount of prejudice his noncompliance caused the Unique defendants; (3) "the need for deterrence of th[is] particular sort of noncompliance"; and (4) "the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.,* 872 F.2d 88, 92 (4th Cir. 1989).

Under Rule 41(b), a case may be dismissed for failure to prosecute or to comply with a court order.  The Court considers factors similar to those under Rule 37, namely (1) Crawford's degree of personal responsibility; (2) the amount of prejudice to the Unique defendants; (3) whether Crawford has a "drawn out history of deliberately proceeding in a dilatory fashion"; and (4) "the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir 1990).

As a *pro se* plaintiff, Crawford is personally responsible for his failures to comply with the Rules and court orders. *See Arnett v. Prince George's County*, Civil No. AW-02-3861, 2004 WL 3313218, at *2 (D. Md. July 24, 2004).  There is significant evidence that he has acted in bad faith.  As discussed in the

previous Memorandum Opinion, Crawford appears to have filed this action, and then improperly joined Connolly and Kramer, in an attempt to coerce a settlement from the Unique defendants. *See* ECF No. 43 at 11-12.[6]  Crawford's apparent abandonment of this action is further evidence of his bad faith.

Second, the Unique defendants have been prejudiced by their inability to obtain discovery.  The Unique defendants have filed multiple discovery motions, and it appears that they have yet to receive anything from Crawford.  ECF No. 47 at 1-2.  This case cannot proceed without discovery and Crawford's participation. "The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available." *Middlebrooks v. Sebelius*, No. PJM-04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009).  Crawford has frustrated this purpose.

Crawford has also shown a history of dilatoriness in this case.  The only motion that he has opposed was Connolly and Kramer's motion for sanctions, which could--and in fact did-- subject him to monetary penalties.  *See* ECF Nos. 24, 44.  He has seemed content to let the rest of the case languish, hoping that the defendants would settle and free him from any additional

---

[6] Crawford has also filed multiple actions against debt collectors in this District and has indicated that he expected his assets to increase from his various cases.  *See* ECF No. 43 at 12 n. 15.  This is Crawford's only case that has not settled. *See id.* at 12.

work.  *See, e.g.*, ECF No. 22-9 (settlement demand).  He has attempted to abuse the judicial process and wasted the resources of the defendants and this Court.  This behavior must be deterred.

Finally, no less drastic sanction than dismissal would be effective.  Crawford has barely participated in this case, and Judge Gesner has warned him that his case may be dismissed for his continued failure to obey court orders and participate in discovery.  *See* ECF No. 46.  Given Crawford's vexatious behavior, dismissal with prejudice is the only effective sanction.  The motion to dismiss will be granted.

B.   Motion for Attorneys' Fees

In granting Connolly and Kramer's motion for sanctions, the Court held that they were entitled to attorneys' fees under Rule 11.  *See* ECF No. 43 at 12-13.  They have now submitted statements of expenses and affidavits and request $5,110.  ECF No. 45.

Connolly, who defended himself and Kramer, is an experienced attorney, who was admitted to practice in Maryland in 1995 and before this Court in 1996.  ECF No. 45-2 ¶ 2.  The firm of Kramer & Connolly regularly charges $350 per hour.  ECF No. 43-3 ¶ 3.  Connolly spent 14.6 hours preparing their defense.  ECF No. 43-1.

Under the Court's guidelines, a reasonable rate for attorneys admitted to the bar for 15 or more years is $275-400 per hour.  Local Rules Appendix B 3.d.  Connolly's fee is within this range.  Further, the time expended in defending the frivolous claims against them is reasonable.  Accordingly, the $5,110 fee is an appropriate sanction.  The motion will be granted.

III. Conclusion

For the reasons stated above, the motions to dismiss and for attorneys' fees will be granted.

_____
Date   4/9/13

_____
William D. Quarles, Jr.
United States District Judge