IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| HASSAN CRAWFORD, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-11-3454 |
| UNIQUE NATIONAL COLLECTIONS, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Hassan Crawford, *pro se*, sued Unique National Collections, Unique Management Services, Inc., Shannon Daley (collectively "the Unique defendants"), James Connolly,[1] and Irwin Kramer (collectively "defendants") for debt collection violations. ECF Nos. 1, 11. Pending is Crawford's motion to vacate the judgment.[2] ECF No. 51. No hearing is necessary. Local Rule 105.6 (D. Md. 2012). For the following reasons, Crawford's motion will be denied.

---

[1] The Clerk will correct the spelling of Connolly's name, which is misspelled in the complaint and on the docket as Conolly.

[2] Crawford captions his motion as a "Motion and Declaration to Vacate Judgment." ECF No. 51. For simplicity, the Court will refer to the motion in this opinion and accompanying order as a "motion to vacate."

I. Background[3]

On October 24, 2011, Crawford read his credit report and saw an item from Unique National Collections for $245; the original creditor was Baltimore County Public Library.[4] ECF No. 11 ¶¶ 11-12. On November 5, 2011, Crawford asked Unique National Collections for "a validation and verification of debt request." Id. ¶ 13. On November 8, 2011, he received "a verification and no validation" from Daley.[5] Id. On November 29, 2011, Crawford sued the Unique defendants for injunctive relief and damages for various debt collection violations. ECF No. 1. The same day, Crawford filed an application to proceed in forma pauperis.[6] ECF No. 2. On December 22, 2011, Crawford's motion to proceed in forma pauperis was granted. ECF No. 3.

---

[3] The facts are taken from the amended complaint, ECF No. 11, and are not in dispute for purposes of resolving this motion.

[4] The original complaint also alleged a debt owed to Anne Arundel County Public Library. ECF No. 1 ¶ 11.

[5] Crawford alleges that he received the same from Donna Nowicki, whom he also sued. See ECF No. 11 ¶ 13. On August 10, 2012, Nowicki was dismissed upon stipulation of the parties. ECF No. 33. On August 13, 2012, Crawford, by letter, again informed the Court about Nowicki's dismissal. ECF No. 34.

[6] On the form, Crawford crossed out the statement that the application was under the penalty of perjury. ECF No. 2. Crawford also wrote "without recourse" above his signature. Id. at 2.

On April 27, 2012, Crawford filed an amended complaint, which added Connolly and Kramer as defendants.[7] ECF No. 11. On June 21, 2012, Kramer and Connolly moved for sanctions, asserting that they were improperly joined as defendants. ECF No. 22. On June 25, 2012, Crawford opposed this motion. ECF No. 24. On June 27, 2012, the Unique defendants moved for judgment on the pleadings, because Crawford's *in forma pauperis* application was improper. ECF No. 25. On July 27, 2012, Kramer moved for summary judgment. ECF No. 30. On September 28, 2012, Connolly moved for summary judgment. ECF No. 35. Crawford did not respond to the motion for judgment on the pleadings or the motions for summary judgment.

On November 2, 2012, the Unique defendants moved to compel discovery, asserting that Crawford had failed to comply with his discovery obligations. ECF No. 38. On November 7, 2012, Magistrate Judge Beth P. Gesner granted the motion, ordering Crawford to serve his responses to interrogatories and requests for production of documents by November 21, 2012. ECF No. 41. On December 5, 2012, the Unique defendants moved for sanctions because Crawford had failed to comply with Judge Gesner's order. ECF No. 42. Crawford did not respond to the Court's order or the motion for sanctions.

---

[7] Connolly is the Unique defendants' counsel for this case. *See* ECF No. 35-2 ¶ 6. He practices law with his partner Kramer, who is not counsel for the Unique defendants. *See* ECF No. 30-2 ¶ 8.

On December 19, 2012, the Court granted summary judgment for Connolly and Kramer, granted Connolly and Kramer's motion for sanctions, and vacated the order granting Crawford's *in forma pauperis* motion. ECF No. 44. The Court directed Crawford to pay the filing fee or submit a proper application to proceed *in forma pauperis* within 30 days. *Id.* Crawford did not pay the fee or submit the application.

On December 27, 2012, Connolly and Kramer moved for attorneys' fees. ECF No. 45. Crawford did not respond. On January 11, 2013, Judge Gesner granted the Unique defendants' motion for sanctions, directing Crawford to respond to the discovery requests by January 25, 2013 or face sanctions which could include dismissal. ECF No. 46. Crawford did not respond. On February 5, 2013, the Unique defendants moved to dismiss or for sanctions. ECF No. 47.

On April 9, 2013, the Court granted the Unique defendants' motion to dismiss with prejudice and granted Connolly's and Kramer's motion for attorneys' fees.[8] ECF No. 50. The Court concluded that dismissal under Federal Rule of Civil Procedure 37(d) was appropriate, because Crawford failed to comply with

---

[8] Connolly and Kramer moved for an award of attorneys' fees pursuant to the Court's December 19, 2012 order granting their motion for sanctions. ECF No. 45. The order had directed Crawford to "pay to Connolly and Kramer their fees and expenses for defending this suit and bringing their motion for sanctions." ECF No. 44.

4

procedural rules and court orders, acted in bad faith to coerce a settlement from the defendants, and had a history of dilatoriness in the action. *See* ECF No. 49 at 4-6. Crawford did not appeal this order.

On May 17, 2013, Crawford moved to vacate the Court's April 9, 2013 order under Federal Rule of Civil Procedure 60(b). ECF No. 51-2. On May 24, 2013, the Unique defendants opposed the motion. ECF No. 53. On May 30, 2013, Kramer and Connolly opposed the motion. ECF No. 54.

II. Analysis

A. Legal Standard

For relief under Rule 60(b),[9] the moving party must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assocs.*, 305 F. App'x 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). "After a party has

---

[9] A motion to reconsider a judgment, such as Crawford's motion to vacate, may be construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed.R.Civ.P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). Because Crawford filed his motion to vacate more than 28 days after the judgment, his motion will be considered under Rule 60(b).

crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell*, 993 F.2d at 48. Under Rule 60(b), a court may grant relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reasons that justify relief. *Aikens v. Ingram*, 652 F.3d 496, 500 & n. 3 (4th Cir. 2011). A Rule 60(b) motion does not substitute for a timely appeal. *Id.* at 502 ("In cases where the petitioner freely chooses not to appeal the district court's original judgment, this court has consistently held that the petitioner had not demonstrated extraordinary circumstances.").

B. Crawford's Motion

Crawford asserts that he is entitled to relief from the Court's judgment, because "[a] pro se attorney litigant is not entitled to recover attorney's fees." ECF No. 51-1. However, Crawford could have raised this argument on appeal from the Court's judgment. Crawford cannot establish extraordinary circumstances justifying Rule 60(b)(6) relief, when he failed to appeal the Court's order and offered no excuse for this failure.[10] *See Aikens*, 652 F.3d at 502; *Ackermann v. United*

---

[10] Although Crawford may disagree with the Court's conclusion that Kramer and Connolly are entitled to an award of attorneys' fees as sanctions for Crawford's misconduct, mere disagreement does not support a Rule 60(b) motion. *See, e.g., Munoz v. Bd.*

6

*States*, 340 U.S. 193, 202, 71 S. Ct. 209, 213, 95 L. Ed. 207 (1950).

Crawford also contends that the judgment should be vacated under Rule 60(b), because it resulted from his mistake, inadvertence, surprise, "and/or" excusable neglect. ECF No. 51-2. He asserts that he "never received any paperwork regarding discovery," because he "moved from [Maryland]" and has been "residing in a shelter in [New York] since July 2012." ECF No. 51 at 1. In New York, he lacked "the same access to a computer and printer" that he had in Maryland. *Id.* Also, he was "incarcerated from December 1, 2012 until January 2, 2013." *Id.*

Assuming Crawford could establish the Rule 60(b) threshold showing, his move to New York, lack of reliable access to a computer, and period of incarceration do not excuse his failure to participate in discovery or to respond to all but one of the defendants' motions. Crawford did not inform the Court about his move or his difficulties receiving the defendants' discovery requests. Crawford, as a self-represented litigant, has a "continuing obligation" to keep his current address on file with the Clerk of the Court under the Local Rules. Local Rule 102.1(b)(iii) (D. Md. 2012). Further, he apparently could

---

*of Trs. of Univ. of D.C.*, 730 F. Supp. 2d 62, 67 (D.D.C. 2010) ("Standing alone, a party's disagreement with a district court's legal reasoning or analysis is rarely, if ever, a basis for relief under Rule 60(b)(1)," because "the appropriate place to challenge alleged errors of law is by filing an appeal.").

communicate with the defendants and the Court, because on August 11, 2012, he agreed to the voluntary dismissal of defendant Nowicki and on August 13, 2012, he sent the Court a separate notice of Nowicki's dismissal. ECF Nos. 31, 34. Crawford is not entitled to Rule 60(b) relief, because his situation resulted from his neglect and carelessness in prosecuting his claim. *See Wilson v. Thompson*, 138 F. App'x 556, 557 (4th Cir. 2005) ("To obtain relief under [Rule 60(b)] based on excusable neglect, the movant "must demonstrate *inter alia* that [he] was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment.").[11]

Moreover, all discovery deadlines, except that for the pretrial motions, occurred before Crawford's incarceration, *see* ECF No. 23, and Crawford could have requested an extension of the motions deadline. As Crawford did not meet *any* of the

---

[11] *See also, e.g., Cureton v. Radio Shack Corp.*, CIV.3:10CV56-GCM, 2010 WL 2245612, at *1-*2 (W.D.N.C. June 2, 2010) (denying *pro se* plaintiff Rule 60(b) relief after dismissal of complaint because he did not make "a good faith attempt to fulfill his obligations as a litigant by repeatedly failing to comply with discovery requests") (internal quotations omitted) (*citing Porter v. Frank*, 946 F.2d 886 (4th Cir. 1991)); *Point PCS, LLC v. Sea Haven Realty & Constr.*, 95 F. App'x 24, 27 (4th Cir. 2004); *cf. Hensley v. Chesapeake & O. Ry. Co.*, 651 F.2d 226, 231 (4th Cir. 1981) (denying Rule 60(b) relief, after plaintiff did not receive notice of adverse order, because "Rule 77(d), as amended, . . . plainly charges the prospective appellant with the duty of following the progress of the action and [apprising] himself when the court makes the order he wishes to protest.") (internal quotations omitted).

discovery deadlines, his incarceration after almost all the deadlines had passed does not excuse his failure to comply with his discovery obligations. Also, the motions that led to the order from which Crawford seeks relief were filed on December 27, 2012 and February 5, 2013, ECF Nos. 45, 47, giving Crawford ample time to respond to the motions after his release from incarceration or to request an extension of time to respond. Thus, Crawford's incarceration does not excuse his failure to respond to the defendants' motions or to participate in discovery.

Finally, Crawford seeks relief from the judgment, because he asserts that his claim against the Unique defendants is valid--"the collection agency never responded to [his] request for validation."[12] ECF No. 51-1. Even if Crawford has a viable

---

[12] Crawford also argues that the Court should grant him relief, because he is entitled to liberal construction of his *pro se* pleadings. *See* ECF No. 51-2. Although "[a] pro se litigant is not held to the same high standards as a member of the Bar," he still must make a "good faith attempt to comply with the rules of discovery." *Pack v. S. Carolina Wildlife & Marine Res. Dep't*, 92 F.R.D. 22, 25 (D.S.C. 1981) (*citing* Fed.R.Civ.P. 41(b)); *see also In re Hopkins*, 06-50684-SCS, 2009 WL 1789334, at *9 (Bankr. E.D. Va. June 22, 2009) ("Although civil litigants who represent themselves ("pro se") benefit from various procedural protections not otherwise afforded to the attorney represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.") (*citing In re Schram*, 00 A 00607, 2001 WL 837927, at *3 (Bankr. N.D. Ill. July 24, 2001)). Thus, liberal construction, without a good faith effort to comply with the court's deadlines or discovery obligations, cannot justify Rule 60(b) relief. *See Hopkins*, 2009 WL 1789334, at *9.

claim against the defendants, he failed to prosecute it by responding to the defendants' motions or participating in discovery. He has not even complied with the Court's order to pay the filing fee or file a proper *in forma pauperis* application. See ECF No. 44. Crawford's motion to vacate will be denied. See *Wilson*, 138 F. App'x at 557.

III. Conclusion

For the reasons stated above, the plaintiff's motion to vacate the judgment will be denied.

12/2/13
Date

/s/
William D. Quarles, Jr.
United States District Judge